IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARVETTE JOHNSON and DEBBIE )
JOHNSON, )
 )
     Plaintiffs, )
 )
v. )      CA 12-00534-N
 )
STATE FARM, )
 )
     Defendant. )

## ORDER

Now before the Court is the plaintiffs' "motion for leave to re-file excerpts of stricken document as statement of disputed facts" (Doc. 60), filed July 20, 2013. For the reasons discussed below, the motion is **DENIED**.

### I.      Background.

In this case, proceeding before the undersigned United States Magistrate Judge for all purposes, including trial, pursuant to 28 U.S.C. § 636(c) (*see* Docs. 8, 9), the deadline for filing dispositive motions was June 14, 2013 (*see* Doc. 14, ¶ 11). On that date, Defendant State Farm filed a motion for summary judgment (Doc. 43; *see also* Docs. 44-51); the plaintiffs did not.

On June 17, 2013, the Court issued an order (Doc. 53), setting July 11, 2013 as the deadline for the plaintiffs to respond to State Farm's motion and July 25, 2013 as the deadline State Farm to file its reply. On July 11, 2013, the plaintiffs filed their response (incorrectly titled a "reply") (Doc. 55); a pleading titled

"proposed findings of fact and conclusions of law" (Doc. 56)[1]; and a "request for leave to file additional pages" (Doc. 57).  On July 17, 2013, on the basis that the "plaintiffs have filed no motion for summary judgment in this case[,]" the Court struck the "proposed findings" and denied the "request to file additional pages."  (Doc. 59.)

## II.      Current motion for leave.

In their current motion, the plaintiffs now inform the Court that portions of their "proposed findings" were "intended to serve as statements of facts disputed by Plaintiff[s], in summary form, which were covered by argument in Plaintiffs' Brief" (Doc. 60, ¶ 1); and, while acknowledging that they did not move for summary judgment, the plaintiffs advise the Court that their "proposed findings" were based on Rule 56(f)(1), "which provides that the Court has discretion to enter summary judgment in favor of a nonmovant after giving notice and a reasonable time to respond, if required by the record evidence, and no disrespect for the Court or evasion of the deadline for filing Motions for Summary Judgment was intended" (*id.*, ¶ 2).

### a.      Rule 56(f)(1).

"Subdivision (f) was added to Rule 56 by the 2010 amendments to the Federal Rules of Civil Procedure.  That provision was intended to bring into the text of the

---

[1]      The "proposed findings" actually appear to be a proposed order on summary judgment.  (*See, e.g., id.* at 1 ("The Court enters the following decision and order following consideration of the motion for summary judgment (Doc. 43) filed by State Farm Insurance . . . .").)  In this proposed order, the plaintiffs invoke Rule 56(f)(1), a relatively new addition to the Federal Rules, discussed at some length below.  (*See* Doc. 56 at 1 ("Once a motion for summary judgment is filed, the Court may enter summary judgment in favor of a nonmovant after giving notice and a reasonable time to respond.  Rule 56(f)(1), Fed. R. Civ. P.  Accordingly, the court enters partial summary judgment in favor of Plaintiffs.").)

Rule a procedure that has 'grown up in practice[,]'" *San Francisco Residence Club, Inc. v. Baswell-Guthrie*, 897 F. Supp. 2d 1122, 1195 (N.D. Ala. 2012) (quoting FED. R. CIV. P. 56, advisory committee's comments)[2]; under 56(f)(1), "the Court may grant summary judgment for the non-moving party '[a]fter giving notice and a reasonable time to respond[,]'" *Cabana on Collins, LLC v. Regions Bank*, No. 11–21204–CIV, 2012 WL 718806, at *5 (S.D. Fla. Mar. 5, 2012) (quoting FED. R. CIV. P. 56(f)(1)).

Just as under the district court's longstanding power to enter summary judgment *sua sponte*, under newly minted Rule 56(f)(1),"[t]he key consideration is whether the party against whom judgment was entered had proper notice of the possible judgment against him: 'The party against whom summary judgment is entered must have notice that the court is considering dropping the ax on him before it actually falls.'" *California v. Kinder Morgan Energy Partners, L.P.*, No. 07–CV–1883–MMA(WVG), 2013 WL 314825, at *22 (S.D. Cal. Jan. 25, 2013) (quoting *Goldstein v. Fidelity & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir. 1996) and citing *First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 115 (2d Cir. 1999) (a "court may grant summary judgment to a non-moving party, provided that party has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried.")).

---

[2]    *See also National Exchange Bank & Trust v. Petro-Chemical Sys., Inc.*, No. 11–C–134, 2013 WL 1858621, at *1 (E.D. Wis. May 1, 2013) ("Rule 56(f)(1), adopted in 2010, simply formalized what had been long-recognized as a court's ability to *sua sponte*, after providing notice to the parties and a reasonable time to respond, grant summary judgment." (citations omitted)).

While it may be advisable to formally notify the parties that the Court is considering a Rule 56(f)(1) request, based on the particular case, such a formality may not be required. *Compare Cabana on Collins*, 2012 WL 718806, at *5 (after filing of Regions' response, which raised Rule 56(f)(1), issuing an order "advising the parties it was taking [the] Rule 56(f)(1) request under consideration, thereby providing Plaintiff with the requisite notice and time to respond") *and Deutsche Bank Nat'l Trust Co. v. Citibank, N.A.*, 775 F. Supp. 2d 1334, 1344 n.8 (M.D. Ala. 2011) ("The court declines Deutsche Bank's request to enter summary judgment on its behalf pursuant to Rule 56(f)(1), as the opposing parties have not been given notice and opportunity to respond."), *with Kinder Morgan*, 2013 WL 314825, at *22 ("Here, the City has received sufficient notice of a possible judgment against it on statute of limitations grounds and has had a full and fair opportunity to respond to Kinder Morgan's arguments. This is demonstrated most plainly by the fact that the City responded in its reply brief to Kinder Morgan's substantive arguments and has had notice of the statute of limitations issue for several years. The City does not contest that the Court has the authority to enter judgment against it in this circumstance, but simply asks the Court to refrain from doing so. Given the procedural posture of the case, the Court finds it appropriate to consider Kinder Morgan's request at this time.").

Importantly, Rule 56(f)(1) is a tool to be used by the Court; it is not a substitute for filing a motion for, or cross-motion to, summary judgment. *See, e.g., National Exchange Bank & Trust v. Petro-Chemical Sys., Inc.*, No. 11–C–134, 2013

WL 1858621, at *1 (E.D. Wis. May 1, 2013) ("Rule 56(f) exists largely for the convenience of the court, to save it from proceeding with trials that it can readily see are unnecessary. It did not create a substitute for a cross-motion to summary judgment. In fact, the suggestion that a party could bring a motion for summary judgment under Rule 56(f)(1) would be a contradiction; Rule 56(f)(1) explicitly refers to the court's authority to grant relief for a non movant.  If a party moved for summary judgment, by definition, it cannot be considered a nonmovant and thus Rule 56(f)(1) would be inapplicable."); *Smith v. Amaru*, No. C11–5080 RJB/KLS, 2012 WL 4882257, at *2 (W.D. Wash. Sept. 24, 2012) ("Rule 56(f)(1) is a tool that may be used by the court after it has reviewed evidence submitted on summary judgment and after first giving the parties notice and reasonable time to respond."), *report and recommendation adopted*, 2012 WL 4882209 (W.D. Wash. Oct. 15, 2012); *see also National Exchange Bank*, 2013 WL 1858621, at *2 (noting that a response in opposition to summary judgment, filed one month after the deadline for filing a motion for summary judgment referencing Rule 56(f)(1), "would be untimely and therefore denied on that basis"); *id.* at *3 (further discussing the propriety of filing a cross-motion, instead of merely referencing Rule 56(f)(1): "A passing reference to a request for summary judgment in a response brief is not itself a motion for summary judgment.  And most certainly, a reference to Fed. R. Civ. P 56(f)(1), which provides no basis for a party to affirmatively seek relief, is not a motion for summary judgment.").

**b.     Application of Rule 56(f)(1) here.**

The plaintiffs' response fulfills their burden, under Rule 56 and Local Rule 7.2, "to go beyond the pleadings and by [their] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Archie v. Home-Towne Suites, LLC*, 749 F. Supp. 2d 1308, 1312 (M.D. Ala. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 324 (1986)).  Thus, because the plaintiffs have ***not*** moved for summary judgment, the Court does need the benefits of the "proposed findings" "in summary form[.]"  (Doc. 60, ¶ 1.)  The motion for leave to re-file the "proposed findings" is accordingly **DENIED**.  If, after a review of the evidence and arguments in support of, and in opposition to, summary judgment, the Court believes the plaintiffs may be entitled to summary judgment, it will issue an order advising the parties of its intent to utilize Rule 56(f)(1) and set an appropriate briefing schedule.

### III.     Conclusion.

The plaintiffs' motion for leave (Doc. 60) is **DENIED**.  State Farm shall file its reply in support of summary judgment no later than **July 26, 2013**.[3]

**DONE** and **ORDERED** this the 22nd day of July, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]     The Court's original submission order on summary judgment set July 25, 2013 as the reply deadline.  However, the Court's July 17, 2013 Order (Doc. 59), which set July 26, 2013 as the deadline for State Farm to respond to the plaintiffs' motion to strike, states that State Farm "may include the response in the Reply which is due on that date with respect to defendant's motion for summary judgment."  (*Id.* at 2.)