IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARVETTE JOHNSON and DEBBIE JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 12-00534-N |
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's motion to compel (Doc. 71) the plaintiffs to pay $441.50 related to the deposition of Joel Wehrman, P.E., who was disclosed by State Farm as an expert witness pursuant to Rule 26(a)(2) on April 19, 2013 (*see* Doc. 32) and noticed for deposition by the plaintiffs (*see* Doc. 37) on May 17, 2013. On August 28, 2013, the Court issued an order (Doc. 72) allowing the plaintiffs one week, until September 5, 2013, to respond to the motion to compel. But no response was filed. Accordingly, for the reasons set out herein—chiefly because the Court finds the requested fees to be reasonable and that manifest injustice will not result from compelling the plaintiffs to pay Wehrman's fees—the motion to compel is **GRANTED**.

Initially it should be emphasized that Rule 26(b)(4)(E) provides, in part, "[u]nless manifest injustice would result, the court ***must*** require that the party seeking discovery[] pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)[,]" which in turn provides that "[a] party may

depose any person who has been identified as an expert whose opinions may be presented at trial." *Id*. "The determination of a reasonable fee in this context 'is[, however,] within the discretion of the district court.'" *Coley v. Wal-Mart Stores East*, LP, No. 3:06-cv-619-J-20HTS, 2008 WL 879294, at *1 (M.D. Fla. Mar. 28, 2008) (quoting *Putnal v. Guardian Life Ins. Co. of Am.*, No. Civ.A. 5:04-CV-130-4, 2005 WL 3532381, at *2 (M.D. Ga. Dec. 22, 2005)). And factors a court may consider in making its determination include:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Dominguez v. Syntex Labs., Inc.*, 149 F.R.D. 166, 167 (S.D. Ind. 1993) (quoting *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 495 (S.D. Iowa 1992) (internal quotation marks omitted)); *accord Putnal*, 2005 WL 3532381, at * 2; *Advanced TeleMedia, L.L.C. v. Charter Communications, Inc.*, No. CIVA105CV2662-RLV, 2006 WL 3422669, at *13 (N.D. Ga. Nov. 27, 2006); *Dobson v. Matrixx Initiatives, Inc.*, No. 05-80984-CIV-RYSKAMP/VITUNAC, 2007 WL 842130, at *1 (S.D. Fla. Mar. 20, 2007); *Coley*, 2008 WL 879294, at *1.

Wehrman's invoice attached to State Farm's motion includes 1.25 hours of time spent at the actual deposition (at a $230 rate), 1 hour of travel to/from the deposition (at a $150 rate), and $4 for parking. (*See* Doc. 71 at 3.) "Travel time may [ ] be compensable under Rule 26(b)(4)(E) as 'time spent in responding to

2

discovery.'" *Ndubizu v. Drexel Univ.*, Civil Action No. 07–3068, 2011 WL 6046816, at *3 (E.D. Pa. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6058009 (E.D. Pa. Dec. 6, 2011); *cf. Advanced TeleMedia*, 2006 WL 3422669, at *14 ("[T]he plain language of the rule requires compensation for preparation time as well as time spent testifying at a deposition because all of it is time spent 'responding.'" (citation omitted)). "Generally, however, courts will place limits on compensable travel time to ensure reasonableness by reducing the rates charged by experts for it." *Ndubizu*, 2011 WL 6046816, at *3 (citing *Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005) and *Frederick v. Columbia Univ.*, 212 F.R.D. 176, 177 (S.D.N.Y. 2003) and further noting, "For example, the Eastern District of New York created a rule that compensation for travel time should be half the normal rate." (citing *Mannarino v. United States*, 218 F.R.D. 372, 375 (E.D.N.Y. 2003))). Here, Wehrman has already reduced his rate for pure travel time, and the Court finds this reduction in rate to be reasonable.

Thus, a review of Wehrman's invoice to State Farm in light of the factors set out above compels the Court to conclude that the all the fees charged are reasonable. The plaintiffs have not shown, moreover, that compelling them to pay such fees will result in manifest injustice. As such, the motion to compel is due to be and is hereby **GRANTED**, and the plaintiffs are **ORDERED** to pay State Farm **$441.50** no later than **September 13, 2013**.

**DONE** and **ORDERED** this the 6th day of September, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

3